462 A.2d 785

**COMMONWEALTH of Pennsylvania**

v.

**James BRYANT, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 22, 1982.

Filed July 1, 1983.

John Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellant.

48

Ronald Eisenberg, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, BROSKY and BECK, JJ.

BECK, Judge:

Appellant has filed a direct appeal from the judgment of sentence of the Court of Common Pleas of Philadelphia County, alleging that the trial judge improperly refused to declare a mistrial or issue a cautionary instruction to the jury regarding a Commonwealth witness's explanation of his prior inconsistent statements and that the trial judge incorrectly charged the jury concerning the definition of reasonable doubt. We affirm the decision of the trial court.

On the evening of September 30, 1978, the victim/complainant attended a party at which Appellant was also present. After being at the party for approximately ninety minutes, the complainant departed and observed that Appellant left the party immediately after she did.

While walking to her car the complainant noticed that Appellant was walking behind her. Upon entering the driver's side of her car the complainant saw that appellant was sitting in the passenger's seat of her car. The complainant ordered Appellant to leave whereupon Appellant began beating the complainant about her head and face. The complainant managed to escape from her car but was pursued and caught by Appellant. The scuffle between the complainant and Appellant outside the complainant's car drew the attention of two men who approached the struggling pair. However, Appellant warned the two men not to interfere, and following a brief discussion with Appellant the men departed.

Appellant then dragged the complainant to her car, beat her, raped her, and stole $35.00 from her pocketbook. As a result of the severe beating the complainant suffered a dislocated jaw, a fractured arm, two black eyes, and a cut lip which necessitated ten sutures.

Subsequently, Appellant was charged with rape, aggravated assault, simple assault, and robbery. After the Commonwealth deleted the charge of simple assault, the matter proceeded to trial before a jury which found Appellant guilty of all three remaining charges. In accordance with Pa.R.Crim.P. 1123 Appellant filed post-verdict motions.

> [B]efore post-verdict motions were argued, defense counsel contended that the trial judge had indicated that he was going to impose a maximum sentence before having reviewed the pre-sentence and psychiatric reports and therefore asked the trial judge to recuse himself .... [I]n order to eliminate any possible complaints about the sentence imposed ..., the trial judge caused a court en banc to be empanelled and thereafter recused himself from considering the motions and did not participate in the sentencing .... The ... judges of the court en banc denied the post-verdict motions, and then reviewed the pre-sentence and psychiatric reports. They imposed a sentence of ten to twenty years on the rape bill ... and a consecutive ten to twenty years on the robbery bill. They ruled that the conviction for aggravated assault merged with the robbery conviction and therefore no further sentence was imposed.

(Trial court opinion at pp. 1–2 (footnote deleted).)

On appeal Appellant's first argument is that the trial judge should have declared a mistrial or cautioned the jury not to infer Appellant's guilt from the Commonwealth witness's explanation of the inconsistencies between the pre-trial and at-trial statements made by the witness.

During direct examination at trial the witness testified that he was one of the two men who spoke with Appellant as Appellant struggled with the complainant outside the complainant's car. The witness positively identified Appellant as the complainant's assailant.

However, on cross-examination the witness admitted that during pre-trial questioning by the police, the trial attorneys, and a defense investigator, he (1) had asserted his inability to identify the assailant positively because he had

viewed the attack from the porch of his home which was one-half block from the scene of the assault; (2) had denied speaking with the assailant during the commission of the crime, and (3) had claimed never to have seen the assailant before the time of the attack.[1]  Moreover, the witness acknowledged not contacting the police after discovering that the complainant had been the victim of a crime rather than a participant in a domestic squabble.

Responding to the witness's answers on cross-examination, defense counsel attempted to impeach the witness's credibility by suggesting that the contradictions in the witness's pre-trial and at-trial statements indicated that the witness had fabricated the identification testimony offered at trial on direct examination.

Consequently, on redirect examination counsel for the Commonwealth found it necessary to rehabilitate the witness by establishing the reasons underlying the witness's contradictory pre-trial and at-trial statements.  The witness explained that his remarks before trial resulted from his hesitancy to "get involved," his concern that Appellant might hold the witness or the witness's family responsible for a conviction ("put [the witness's] ... family or [the witness] in debt"), and his observation that Appellant's family were "kind of hard people" who, he feared, might "com[e] threatening." (N.T. at 108–11.)  Additionally, the witness stated that he had told the truth at trial because he "was tired of lying." (N.T. at 109.)

█ In general, " 'threats by third persons against ... witnesses are not relevant [and thus not admissible into evidence] unless ... the defendant is linked in some way to the making of the threats.' " *Commonwealth v. Carr*, 436 Pa. 124, 127, 259 A.2d 165, 167 (1969) (citation omitted). Nevertheless, an exception to the rule exists where the evidence in question was not offered to prove the accused's

1. At trial the Commonwealth witness stated on redirect examination that before the assault on the complainant he had "seen [Appellant] about, but ... never knew him ... personally" for approximately two years. (N.T. at 110.)

guilt "but to explain a [witness's] prior inconsistent statement." *Carr,* 436 Pa. at 127, 259 A.2d at 167; *Washington v. State of Maryland,* 293 Md. 465, 445 A.2d 684 (1982) (citing *Carr*).

■ In the present case the Commonwealth witness revealed his subjective fear that Appellant or Appellant's family *might* threaten him or his family if he testified against Appellant. The witness did not intimate that he had actually received threats from any source. Furthermore, the testimony concerning possible threats was not introduced to establish Appellant's guilt but was adduced to reconcile the inconsistencies in the witness's pre-trial and at-trial statements. Therefore, the witness's testimony on redirect examination was not prejudicial to Appellant's case and did not require the declaration of a mistrial. *See Commonwealth v. Stewart,* 304 Pa.Super.Ct. 382, 450 A.2d 732 (1982).

■ Alternatively, Appellant maintains that if the admission of the witness's statements on redirect examination was proper, then the trial judge should have instructed the jury not to consider such statements as evincing Appellant's guilt.

In *Carr* the Pennsylvania Supreme Court held that if an accused believed "that the jury would be inclined to consider [a] threat as relevant to the issue of his guilt, ... he could ... request[ ] the court to give a cautionary instruction." *Id.* 436 Pa. at 128, 259 A.2d at 167. Appellant asserts that through his counsel he requested a cautionary instruction and was denied same.

The record shows that after the Commonwealth witness had stated on redirect examination that he had failed to report the truth prior to trial because he feared possible threats from Appellant's family, the trial judge called the prosecuting and defense attorneys to a side bar conference held outside the presence of the jury. During the conference the following colloquy occurred after the court stenog-

rapher read the witness's testimony concerning Appellant's family:

> DEFENSE COUNSEL: I object to [the witness's testimony regarding possible threats from Appellant's family] and I move for a mistrial.
>
> THE COURT: ... Your motion for a mistrial is denied
> . . . .
>
> . . . .
>
> DEFENSE COUNSEL: Then I would ask the court as a cautionary instruction ... to instruct the Jury that ... there has [sic] been absolutely no threats by the defendant [Appellant] or the defendant's family to this witness at any time.
>
> THE COURT: I don't know that that is so.
>
> . . . .
>
> THE COURT: ... I deny your [defense counsel's] request.

(N.T. at 112–13.)

Thus, contrary to Appellant's assertion, Appellant's counsel did not ask that the jury be instructed to disregard the Commonwealth witness's explanation of his contradictory pre-trial and at-trial statements as bearing upon Appellant's guilt or innocence. "Having failed to do so, [Appellant] has no legitimate complaint about the admission of this evidence, clearly relevant to explain the prior inconsistent statement[s]." *Carr*, 436 Pa. at 128, 259 A.2d at 167.

Appellant's final argument on appeal is that the trial judge incorrectly defined the standard of reasonable doubt for the jury.

The trial court's charge included the following definition of reasonable doubt:

> [T]he defendant [Appellant] ... is presumed to be an innocent man .... The presumption of innocence remains with him until and unless you are convinced of his guilt beyond a reasonable doubt.
>
> ... [T]he burden of proof is placed upon the Commonwealth to prove each and every essential element of the crime charged, beyond a reasonable doubt ....

. . . .

A reasonable doubt is an honest and genuine doubt arising solely from the evidence or the lack of evidence and nothing else.

. . . .

. . . . It is such a doubt as would cause a reasonable person to *hesitate* and *restrain* from acting in a matter of importance in his or her life. Now, reasonable doubt is not a doubt . . . which you conjure up in your own mind to avoid the performance of what might be an unpleasant duty . . . .

(N.T. at 43–45 (emphasis added).)

■ Although the trial court's charge contained all the essential language recommended by the Pennsylvania Supreme Court in *Commonwealth v. Donough*, 377 Pa. 46, 51–52, 103 A.2d 694, 697 (1954), Appellant contends nevertheless that reasonable doubt should have been explicated by the word "hesitate" instead of the word "restrain." [2]

■ Initially, we note that the trial court's charge incorporated both the word "hesitate" and the word "restrain" and that the Pennsylvania Supreme Court has approved both words in jury instructions on reasonable doubt.[3] *Commonwealth v. Young*, 456 Pa. 102, 317 A.2d 258 (1974); *compare Donough with Commonwealth v. Kluska*, 333 Pa. 65, 3 A.2d 398 (1939) (*Donough* accepts "restrain" whereas *Kluska* accepts "hesitate.").

**2.** Appellant's submitted written point for charge defined reasonable doubt by using the word "hesitate." However, "[i]t is settled that 'the trial court is not required to accept the language of the point submitted by counsel but rather is free to select its own form of expression. The only issue is whether the area [covered by the point for charge] is adequately, accurately and clearly presented to the jury for consideration.'" *Commonwealth v. Boone*, 287 Pa.Super.Ct. 1, 11, 429 A.2d 689, 694 (1981) (citation omitted).

**3.** In *Commonwealth v. Young*, 456 Pa. 102, 109–10, 317 A.2d 258, 261–62 (1974), the Pennsylvania Supreme Court unequivocally stated that it "has never required a single standard charge on reasonable doubt . . . [but has] repeatedly placed [its] imprimatur on the charge expressed in *Commonwealth v. Donough*, 377 Pa. 46, 51–52, 103 A.2d 694, 697 (1954) [, and has] . . . many times approved of the charge

Furthermore, since the Pennsylvania Supreme Court has sanctioned both words, this court has repeatedly refused to prefer either word. *Commonwealth v. Poindexter,* 301 Pa.Super.Ct. 454, 447 A.2d 1387 (1982); *Commonwealth v. Rozanski,* 289 Pa.Super.Ct. 531, 433 A.2d 1382 (1981); *Commonwealth v. Boone,* 287 Pa.Super.Ct. 1, 429 A.2d 689 (1981), and *Commonwealth v. Starkes,* 268 Pa.Super.Ct. 108, 407 A.2d 853 (1979), *allocatur denied,* October 22, 1979.

Therefore, in charging the jury, the trial judge properly defined the standard of reasonable doubt.

Accordingly, we affirm the judgment of sentence of the court of common pleas.

SPAETH, J., concurs in the result.

recommended in *Commonwealth v. Kluska,* 333 Pa. 65, 74, 3 A.2d 398, 403 (1939)." (Footnotes omitted.)