J-S59005-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :   IN THE SUPERIOR COURT OF
                                :           PENNSYLVANIA
                    Appellee    :
                                :
        v.                      :
                                :
QUADIYR N. WHITE,               :
                                :
                    Appellant   :   No. 1738 EDA 2013


Appeal from the PCRA Order Entered May 17, 2013,
In the Court of Common Pleas of Philadelphia County,
Criminal Division, at No. CP-51-CR-0000990-2009.


BEFORE: SHOGAN, J., LAZARUS, J. and STRASSBURGER, J.*

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 21, 2014**

Appellant, Quadiyr N. White, appeals from the order denying his

petition for collateral relief filed pursuant to the Post Conviction Relief Act

("PCRA"), 42 Pa.C.S. §§ 9541–9546.  We affirm.

On Appellant's direct appeal, a panel of this Court set forth the trial

court's summation of the evidence as follows:

> Dominique Wilson, who was seventeen (17) on the night of
> the shooting testified that at about 11:59 p.m. on August 13,
> 2008, he was on the 2600 block of West Girard Avenue in front
> of the Lincoln Chicken store.  He was there with his friends Tag
> and Rob.  They had been there about fifteen minutes when the
> witness heard gunfire and saw [Appellant,] whom he knew as
> Mr. P[,] shooting the decedent. The witness knew both
> [Appellant] and the decedent from the neighborhood.  Just a few
> minutes prior to the shooting, the witness saw [Appellant] and
> [the] decedent shake hands.  After hearing the first shot, the
> witness saw the decedent running towards 26th Street, being
> chased by [Appellant] who was firing at him with a black

*Retired Senior Judge assigned to the Superior Court.

revolver. The decedent appeared to the witness to be unarmed. The witness believed he heard about six (6) shots. The [decedent] fell, but got up and ran around the corner. [Appellant] turned and ran towards 27th Street, making a turn up Taney Street. Following the shooting, the witness gave a statement to the police and identified [Appellant's] picture as the shooter.

Rene Tindal also witnessed the shooting. This witness was about a door or two away from the chicken restaurant waiting for his girlfriend to come home from work on the trolley. He saw [Appellant] go into the restaurant. The decedent came out of the restaurant followed by [Appellant]. The decedent looked back and started running. [Appellant] came up upon him and started firing. The witness testified that it was no more than five (5) to ten (10) seconds between the time the decedent came out of the restaurant and [Appellant] came up behind him and started firing, as the decedent tried to run away. This witness also described the gun as a revolver. He also heard five (5) or six (6) shots. The witness believed [Appellant] emptied his gun. To this witness, the decedent also appeared to be unarmed. The witness also saw the victim trip and get up during the attack and saw [Appellant] run away into a little street, which he identified on a map as Taney Street. He also saw the other eyewitnesses, Dominique Wilson and Craig Robinson at the scene. Craig Robinson (Rob), who was sixteen (16) at the time of the shooting also testified. He testified that he was at the shooting scene with Tag and Dominique Wilson. His description of the shooting was similar to the testimony given by the other two [eyewitnesses]. However, [in court], he declined to identify [Appellant] as the shooter. However, in a statement given to police on the afternoon following the shooting, he identified [Appellant] as the shooter and identified [Appellant's] photo as the shooter. At trial, the witness acknowledged his prior police statement and further testified that in October 2008, he was threatened not to come to court.

*Commonwealth v. White*, 564 EDA 2010, 31 A.3d 749 (Pa. Super. filed June 21, 2011) (unpublished memorandum at 1–3) (quoting Trial Court Opinion, 11/23/10, at 3–4 (record citations omitted)).

The PCRA court summarized the procedural history as follows:

From February 9, 2010 through February 16, 2010, Appellant was tried before [the trial c]ourt, sitting with a jury. At the conclusion of the trial, the jury found him guilty of First Degree Murder, Possessing an Instrument of Crime (PIC) and a Violation of the Uniform Firearms Act.

[The trial c]ourt sentenced Appellant to life imprisonment for murder and imposed concurrent prison sentences of three and one half (3 ½) to seven (7) years for the firearms offense and one (1) to two (2) years for PIC. The Superior Court affirmed the judgment of conviction, docketed at 564 EDA 2010. The Supreme Court denied *Allocatur*, docketed at No. 429 EAL 2011.

Appellant timely filed a PCRA Petition. Subsequently, current counsel, George Henry Newman[,] filed an Amended Petition, alleging two claims of ineffective assistance of prior counsel. The Commonwealth responded and filed a Motion to Dismiss the PCRA [petition]. After a thorough review of the pleadings, the record and the law and after complying [with] the procedural requirements contained in Pa.R.Crim. P. 907, [the PCRA c]ourt dismissed the petition without granting a hearing. The instant timely appeal followed.

PCRA Court Opinion, 4/23/14, at 1–2 (internal footnotes omitted).

On appeal, Appellant presents the following questions for our review:

I.   Did not the PCRA court err in dismissing [Appellant's] PCRA petition, without a hearing, where trial counsel was ineffective for failing to both object to prosecutorial misconduct which occurred when the prosecutor asked witness Robinson if he was afraid of [Appellant], and to ask for a mistrial, or in the alternative, a curative instruction, after his objection to this totally improper question was sustained?

II.  Did not the PCRA court err in dismissing [Appellant's] PCRA petition without a hearing where trial counsel was ineffective for failing to object to the Court's chastising

defense counsel on multiple occasions in the presence of the jury, for failing to object to the Court's overly injecting itself in the trial in a partisan manner and further, for failing to request a mistrial?

Appellant's Brief at 4.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011) (citing *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005)). Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. *Commonwealth v. Wilson*, 824 A.2d 331, 333 (Pa. Super. 2003). There is no right to an evidentiary hearing on a PCRA petition, and the PCRA court may decline to hold a hearing if the claims are patently frivolous and without a trace of support in the record. *Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001). On review, we examine the issues raised in the petition in light of the record to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing. *Id*.

In post-conviction collateral proceedings, the petitioner bears the burden to plead and prove eligibility for relief. 42 Pa.C.S. § 9543(a). When considering an allegation of ineffective assistance of counsel ("IAC") raised

under 42 Pa.C.S. § 9543(a)(2)(ii), the PCRA court presumes that counsel provided effective representation unless the petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) Appellant was prejudiced by counsel's action or omission. *Commonwealth v. Pierce*, 527 A.2d 973, 975–976 (Pa. 1987). "In order to meet the prejudice prong of the ineffectiveness standard, a petitioner must show that there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different." *Commonwealth v. Wallace*, 724 A.2d 916, 921 (Pa. 1999). An IAC claim will fail if the petitioner does not meet any of the three prongs. *Commonwealth v. Williams*, 863 A.2d 505, 513 (Pa. 2004) (quoting *Commonwealth v. Rush*, 838 A.2d 651, 656 (Pa. 2003)).

Our Supreme Court recently reiterated the standard and scope of review when the PCRA court dismisses cognizable claims without a hearing, as follows:

> To obtain reversal of a PCRA court's summary dismissal of a petition, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief. The controlling factor in this regard is the status of the substantive assertions in the petition. Thus, as to ineffectiveness claims in particular, if the record reflects that the underlying issue is of no arguable merit or no prejudice resulted, no evidentiary hearing is required. For each such claim, we review the PCRA court's action for an abuse of discretion.

*Commonwealth v. Baumhammers*, 92 A.3d 708, 726–727 (Pa. 2014) (internal citations omitted).

Appellant first argues that the trial court erred in dismissing his petition without a hearing because trial counsel was ineffective for failing to request a mistrial or curative instruction after the trial court sustained his objection to the district attorney's question of eyewitness Craig Robinson: "Are you afraid of the defendant?" N.T., 2/12/10, at 46. The Commonwealth counters that:

> [a] mistrial is an extreme remedy that is necessary only "where the alleged prejudicial event may reasonably be said to deprive the defendant of a fair and impartial trial." *Commonwealth v. Boczkowski*, 845 A.2d 75, 94 (Pa. 2004).
>
> * * *
>
> Robinson had given a statement to the police which he recanted at trial. On cross-examination, defense counsel elicited that Robinson had supposedly signed his statement without reading it because "I was scared" (N.T. 2/12/10, 42). The question before the jury was whether the prior statement or the trial testimony was true. Thus, it was not improper for the prosecutor to follow-up on [re-direct] examination by asking the witness if he was afraid of defendant.
>
> * * *
>
> Nonetheless, the witness never answered the question, and the trial court instructed the jury that counsel's questions are not evidence (N.T. 2/9/10, 17). Thus, even assuming the unanswered question was improper, it certainly did not warrant the extreme remedy of a mistrial.

Commonwealth's Brief at 8–10 (citing **Commonwealth v. Collins**, 702 A.2d 540, 543–544 (Pa. 1997), and **Commonwealth v. Bryant**, 462 A.2d 785, 787–788 (Pa. Super. 1983)). Regarding a curative instruction, the Commonwealth observes that Appellant "did not develop his claim in the PCRA court, and does not develop it on [sic] his appellate brief." **Id.** at 11.

In disposing of Appellant's first claim, the PCRA court concluded that "Appellant could never have satisfied the 'arguable merit' or 'prejudice' prongs of the ineffective assistance test" because:

> the jury was aware that the witness previously identified Appellant as the shooter; declined to do so at trial; and received anonymous threats. The purpose of the evidence concerning threats was to assist the jury in assessing the witness's credibility concerning his changed version of events. The jury specifically was instructed by this Court that there was no evidence that Appellant was behind the threats; this evidence of threats was not evidence of Appellant's guilt; and was to be used only to assess the witness' credibility. N.T. 2/15/10, 154–155. When, on redirect, the prosecutor sought to ask the improper question concerning whether the witness was afraid of Appellant, the Court sustained the timely objection. The question was not answered. The jury was aware that questions were not evidence; only answers were evidence as the jury previously was so instructed. N.T. 2/9/10[,] 17. No additional relief would have been warranted had it been requested.

PCRA Court Opinion, 4/23/14, at 6–7.

The Commonwealth's assertion that a mistrial is an extreme remedy is correct. **See Commonwealth v. Travaglia**, 28 A.3d 868, 879 (Pa. 2011) ("A mistrial is an extreme remedy that is required only where the challenged event deprived the accused of a fair and impartial trial."), and

*Commonwealth v. Bryant*, 67 A.3d 716, 728 (Pa. 2013) (citing *Travaglia*). Moreover, "the trial court is vested with discretion to grant a mistrial whenever the alleged prejudicial event may reasonably be said to deprive the defendant of a fair and impartial trial." *Commonwealth v. Hogentogler*, 53 A.3d 866, 878 (Pa. Super. 2012), *appeal denied*, 69 A.3d 600 (Pa. 2013) (quoting *Commonwealth v. Judy*, 978 A.2d 1015, 1019–1020 (Pa. Super. 2009)). "In making its determination, the court must discern whether misconduct or prejudicial error actually occurred, and if so, . . . assess the degree of any resulting prejudice. Our review of the resulting order is constrained to determining whether the court abused its discretion." *Id.* (quoting *Judy*, 978 A.2d at 1019–1020).

Generally, "threats against a witness are not admissible as an admission of guilt against the accused unless the accused is linked in some way to the making of the threat." *Collins*, 702 A.2d at 544 (citing *Commonwealth v. Carr*, 259 A.2d 165, 167 (Pa. 1969)). "Nevertheless, an exception to the rule exists where the evidence in question was not offered to prove the accused's guilt 'but to explain a witness's prior inconsistent statement.'" *Bryant*, 462 A.2d at 788 (citing *Carr*, 259 A.2d at 167).

Our review of the record confirms that, when the prosecutor asked the challenged question of Robinson, suggesting a connection between

-8-

Robinson's fear and Appellant, trial counsel successfully objected, and Robinson did not answer the question. N.T., 2/12/10, at 46–47. The prosecutor then asked Robinson without objection, "Were you afraid to come to court today?" *Id.* at 47. Robinson responded, "Yes." *Id.*

The portion of the re-direct examination of Robinson to which Appellant objects was prompted by Robinson's failure to testify at trial consistently with his previous statement to the police, in which Robinson had stated that Appellant shot the victim in the back. The Commonwealth's line of questioning about the threats was permissible to demonstrate that Robinson's motive for changing his testimony was fear of the consequences if he testified truthfully. *Collins*, 702 A.2d at 544. Although the challenged question was improper, it did not produce an answer. Hence, there was no evidence on which the jury could base a connection between Appellant and the alleged threats as the reason for Robinson's inconsistent testimony. Furthermore, the trial court gave preliminary instructions to the jury that "statements made by counsel do not constitute evidence," only the witness' answers are evidence. N.T., 2/9/10, at 17. Additionally, the trial court gave specific final instructions that the jury could not use the threats as evidence of Appellant's guilt, that no one introduced evidence of Appellant's involvement in the threats, and that the jury could only use evidence of the threats to assess Robinson's credibility. N.T., 2/16/10, at 154–155. As the

Commonwealth asserts, "These thorough instructions, which the jurors are presumed to have followed, eliminated any conceivable risk that the jurors would assume on the basis of an unanswered question that [Appellant] was the source of the threats." Commonwealth's Brief at 10 (citations omitted).

Based on the foregoing, we conclude that no prejudicial error occurred. *Hogentogler*, 53 A.3d at 878. Accordingly, we discern no abuse of the trial court's discretion in determining that no PCRA relief was warranted.

Next, Appellant challenges the dismissal of his petition without a hearing because trial counsel was ineffective for failing to object to the trial court's chastising defense counsel twice in the presence of the jury and overly injecting itself in the trial in a partisan manner. Appellant's Brief at 10. In response, the Commonwealth observes that:

> [a]lthough [Appellant] invoked the words "ineffective assistance of counsel" in his petition (PCRA ¶ 6), he did not develop and argue this claim *as an ineffectiveness claim*. *See* Memorandum of Law at 3–7 (discussing this claim without alleging ineffectiveness); Response to Commonwealth's Motion to Dismiss at 3–7 (same). Nor does he do so on appeal. Whether couched in terms of ineffectiveness or otherwise, this claim provides no basis for relief.

Commonwealth's Brief at 12–13.

Upon review of the record and Appellant's brief, we agree with the Commonwealth that Appellant's second IAC claim is undeveloped. Nevertheless, we understand the crux of his claim and choose to review it.

The trial court considered Appellant's allegations and determined that:

neither instance warrants PCRA relief. In the first instance, during his last question on cross examination of Detective Peterman counsel commented upon the evidence instead of asking a proper question. The Court told the jury[,] "Any comments by counsel are inappropriate." N.T., 2/12/10[,] 64–65. Counsel concluded his examination. The Court's rather mild curative instruction to the jury was appropriate and no PCRA relief was warranted.

The second instance occurred during the re-cross examination of Dominique Wilson. N.T. 2/12/10, 136–140 . . . We simply will note that this occurred while counsel was confronting the witness with his inconsistent testimony from the preliminary hearing. When counsel began arguing with the witness and read a question and answer out of context, the Court told the jury, "Comments by counsel are not appropriate" and told counsel, "You can't take it out of context." The Court comments were appropriate; were mild; did not embarrass; and did not demean defense counsel. Under no circumstances did the Court's comments improperly impact upon the jury's consideration of the underlying facts or deprive Appellant of a fair trial. Accordingly, no PCRA relief was warranted.

PCRA Court Opinion, 4/23/14, at 7.

Our Supreme Court has addressed this situation as follows:

The law is clear that not every unwise or irrelevant remark made in the course of trial by a judge constitutes grounds for a mistrial and that a new trial is required only where the remark is prejudicial. Prejudice will be found only where the remark is of such a nature, or delivered in such a manner, that it may reasonably be held to have deprived the accused of a fair and impartial trial. ***Commonwealth v. England***, 474 Pa. 1, 375 A.2d 1292 (1977). As we noted in ***England***:

> While we do not condone a display of impatience by a trial judge, even where he may have been provoked by counsel's dilatory tactics, we recognize that judges are also subject to failings of human beings and cannot be expected to be devoid of

> emotion in the trying or vexing situations they may
> be called upon to confront.

*Id.* at 17, 375 A.2d at 1300.

***Commonwealth v. Jones***, 683 A.2d 1181, 1191 (Pa. 1996).

Our review of the record reveals that the trial court's remarks directed toward defense counsel in the presence of the jury were not so disparaging as to prejudice Appellant in any manner. Those comments were largely directed toward ensuring accurate representation of the evidence and reminding the jury that defense counsel's personal comments were not evidence. N.T., 2/12/10, at 64–65, 138. Indeed, the record reveals that some of the comments were in direct response to defense counsel's repeated objections after the trial court had already ruled on a particular matter. *Id.* at 136–140. While, at times, the comments of the trial judge evidenced her impatience with defense counsel, none of her comments were reflective of any predisposition of the trial judge regarding Appellant's guilt or innocence, and none were indicative of any bias in favor of the prosecution. *Jones*, 683 A.2d at 1191–1192. Moreover, the trial court properly informed the jurors that they were to be the sole judges of the facts. N.T., 2/12/10, at 139–140. Notably, in one instance, the trial court entertained additional argument from defense counsel outside the presence of the jury. *Id.* at 141–146. "In short, our review of the record reveals no intemperate remarks on the part of the trial judge which could be construed

as creating an atmosphere of unfairness. Because this claim, too, lacks merit, Appellant has failed to establish his claim of ineffective assistance of counsel with respect thereto." ***Jones***, 683 A.2d at 1191–1192.

In sum, Appellant failed to prove that counsel was ineffective. Therefore, no questions of fact necessitated a hearing. Accordingly, we conclude that the trial court did not err in denying Appellant collateral relief without conducting an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2014