J-S12009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN BENNETT | : | |
| | : | |
| Appellant | : | No. 1133 EDA 2020 |

Appeal from the PCRA Order Entered February 7, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003607-2011

BEFORE:  LAZARUS, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    Filed: July 8, 2021

Kevin Bennett appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

Following the fatal shooting of a rival drug dealer in Philadelphia on October 4, 2010, Bennett was apprehended in Smyrna, Delaware, on December 9, 2010.  At trial, the Commonwealth called, among other individuals, eyewitnesses Caleb Jackson and Jerry Holloman to testify regarding their observations on the day of the shooting.  Both witnesses testified that they saw Bennett shoot the decedent, Dominick Young, at point-blank range in the back of the head.  Jackson explained that he had purchased drugs from Bennett in the past and that, on the day of the shooting, he signaled to Bennett, who was sitting on a neighbor's front steps, to sell drugs

to someone inside his residence. Minutes before the shooting, Jackson solicited and purchased drugs from Young instead of Bennett because Bennett was "taking so long." **See** N.T. Jury Trial, 4/17/12, at 120-27, 187-88.

Initially, Jackson and Holloman refused to cooperate with the police investigation into Young's murder. Ultimately, however, both witnesses positively identified Bennett to police as the shooter. Jackson testified that, for three weeks following the shooting, he feared "reprisal" for violating the "so called 'street-honor' of not telling," but decided to cooperate with homicide detectives on October 20, 2010, out of "[g]uilt. I have three sons, and I felt— I was having difficulty living with myself." **Id.** at 136-44. Similarly, Holloman explained that he did not report the shooting right away because he feared retaliation. Specifically, he testified that:

> You don't even know my neighborhood. . . . I got in fights every day, n****** jumped me every day, n****** want to kill me every day, like[,] n****** threaten my house, threaten my mom, all that. . . . [T]he same person who got killed, like[,] he got killed around the corner from my house[.]

**Id.**, 4/18/12, at 134. Holloman further testified that, after a lengthy interview with homicide detectives, he agreed to cooperate. **Id.** at 132.

On April 23, 2012, the jury found Bennett guilty of first-degree murder,[1] possessing an instrument of crime,[2] and carrying a firearm on the streets of

---

[1] 18 Pa.C.S.A. § 2502(a).

[2] 18 Pa.C.S.A. § 907.

Philadelphia.[3]  The following day, the trial court sentenced Bennett to life imprisonment for first-degree murder and a concurrent term of two-and-one-half to five years' imprisonment on the remaining charges.  Bennett filed post-sentence motions, which the trial court denied on May 7, 2012.  After Bennett's direct appeal rights were reinstated *nunc pro tunc*, this Court affirmed his judgment of sentence on January 30, 2015.  ***See Commonwealth v. Bennett***, 1486 EDA 2013 (Pa. Super. filed Jan. 30, 2015) (unpublished memorandum decision).  The Pennsylvania Supreme Court denied further review on July 29, 2015.

On May 10, 2016, Bennett, through counsel, filed a PCRA petition alleging ineffective assistance of trial counsel.  The PCRA court issued its Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing on April 21, 2017.  In response thereto, Bennett submitted a *pro se* response alleging the ineffectiveness of PCRA counsel.  Following a ***Grazier***[4] hearing on November 7, 2017, Bennett was permitted to proceed *pro se*.  On February 7, 2018, Bennett filed a *pro se* supplemental amended PCRA Petition.  Following its second Pa.R.Crim.P. 907 notice of intent to dismiss, filed on December 23, 2019, the PCRA court dismissed Bennett's petition on February 7, 2020.

---

[3] 18 Pa.C.S.A. § 6108.

[4] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

Bennett timely[5] appealed to this court, raising the following issues for our review.[6]

> 1. Did the [PCRA] court err in failing to grant a new trial on the ground that trial counsel was ineffective for failing to request a cautionary/limiting instruction regarding evidence admitted at trial regarding [Bennett]'s involvement in drug-dealing?
>
> 2. Did the [PCRA] court err in failing to grant a new trial on the ground that trial counsel was ineffective for failing to object to the testimony of witnesses Caleb Jackson [] and Jerry Holloman [] regarding their fear of reprisal and/or threats and physical assaults against them when the threats in question could not be attributed to [Bennett]?
>
> 3. Did the [PCRA] court err in failing to grant a new trial on the ground that trial counsel was ineffective for failing to request a cautionary instruction regarding the testimony of witnesses Caleb Jackson [] and Jerry Holloman [] regarding their fear of reprisal and/or threats and physical assaults against them, which would

_____

[5] Because Bennett's PCRA petition was dismissed on February 7, 2020, Bennett was required to file a notice of appeal by March 9, 2020. **See** Pa.R.A.P. 903. On March 7, 2020, Bennett mailed a *pro se* notice of appeal to the Philadelphia Clerk of Quarter Sessions, which the PCRA court docketed on March 16, 2020. "[W]hen the appellant is (a) acting *pro se* and (b) incarcerated at the time he or she seeks to file an appeal, justice requires the appeal to be deemed 'filed' on the date that the appellant deposits the appeal with prison authorities and/or places it in the prison mailbox." **Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997). Therefore, we decline to quash the appeal as untimely.

[6] On July 10, 2020, the trial court appointed James F. Berardinelli, Esquire, as Bennett's PCRA counsel. Thereafter, Attorney Berardinelli accepted a position as Chief of the Appellate Unit of the Montgomery County Defender's Office, effective December 14, 2020, precluding him from representing clients outside of that office, including Bennett. Attorney Berardinelli filed a motion to withdraw as counsel on November 11, 2020, which the PCRA court granted on December 15, 2020. On December 10, 2020, however, Attorney Berardinelli filed the instant appellate brief on Bennett's behalf. The PCRA court appointed John Martin Belli, Esquire, as Bennett's counsel on December 22, 2020.

have informed the jury that said threats and assaults could not be attributed to [Bennett] and could not be used against him?

Brief of Appellant, at 4-5.

Each of Bennett's claims sounds in ineffective assistance of counsel.[7] "It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." ***Commonwealth v. Koehler***, 36 A.3d 121, 132 (Pa. 2012), citing ***Strickland v. Washington***, 466 U.S. 668, 687–91 (1984). To prove that counsel was ineffective, a petitioner must demonstrate that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) he was prejudiced by counsel's act or omission. ***Koehler***, ***supra*** at 132. Failure to prove any prong of this test will defeat an ineffectiveness claim. ***Commonwealth v. Fears***, 86 A.3d 795, 804 (Pa. 2014). With regard to prejudice, "we employ the ***Strickland*** actual prejudice test, which requires a showing of a **reasonable probability** that the outcome of the proceeding **would** have been different but for counsel's constitutionally deficient performance. A reasonable probability is

---

[7] Once the PCRA Court has ruled on an ineffectiveness claim, this Court is "limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." ***Commonwealth v. Koehler***, 36 A.3d 121,131 (Pa. 2012). As for this Court's scope of review, it is "limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Commonwealth v. Colavita***, 993 A.2d 874, 886 (Pa. 2010).

a probability [] sufficient to undermine confidence in the outcome of the proceeding." ***Commonwealth v. Daniels***, 104 A.3d 267, 281 (Pa. 2014) (internal citations, quotation marks, and brackets omitted; emphasis added).

First, Bennett claims that counsel was ineffective for failing to request an instruction informing the jury that evidence of Bennett's drug dealing—which Bennett acknowledges was admissible to establish his motive for the killing—could only be considered for that limited purpose. ***See*** Brief of Appellant, at 11. In support thereof, he argues that because "the Commonwealth's evidence rested almost entirely on the testimony of two suspect witnesses, the outcome of the trial **might** have been different but for counsel's omission." ***Id.*** (emphasis added). This bald assertion is insufficient to undermine this Court's confidence in the outcome of the proceeding. ***Daniels***, ***supra***.

Moreover, we disagree that Bennett was prejudiced by counsel's omission where (1) Bennett was not the only individual at trial associated with drug dealing and (2) the challenged evidence of drug dealing was so dissimilar from the crime of first-degree murder that evidence of the former would not suggest a propensity to commit the latter. ***See Commonwealth v. Rollins***, 580 A.2d 744, 748-49 (Pa. 1990) (rejecting ineffectiveness claim for failure to demonstrate actual prejudice where counsel did not request cautionary instruction regarding appellant's prior drug dealing in first-degree murder case; "given the overwhelming evidence as to the drug involvement on the

part of most of the witnesses, admission of the challenged evidence resulted in no actual prejudice to appellant"); *Commonwealth v. Sam*, 635 A.2d 603, 608 (Pa. 1993) (no prejudice to appellant in triple murder case resulted from counsel's failure to request limiting instruction regarding evidence appellant regularly beat his child because "[t]he prior beatings did not so resemble the murders as to suggest a propensity to shoot to death three relatives. The failure to request the limiting instruction did not alter the outcome").

For the foregoing reasons, Bennett's first claim fails. *Fears*, *supra*.

Next, Bennett claims that counsel was ineffective for failing to object to Holloman's and Jackson's testimony regarding their fear of retaliation for cooperating with police where no such threats are attributable to Bennett himself. This claim lacks arguable merit.

Bennett relies on *Commonwealth v. Bryant*, 462 A.2d 785 (Pa. Super. 1983), for the proposition that "threats by third persons against . . . witnesses are not relevant [and thus not admissible into evidence] unless . . . the defendant is linked in some way to the making of the threats." Brief of Appellant, at 12 (quoting *Bryant*, *supra* at 788) (brackets and ellipses in original). Bennett ignores, however, that this Court clarified in *Bryant* that "an exception to this rule exists where the evidence in question was not offered to prove the accused's guilt, 'but to explain a [witness's] prior inconsistent statement.'" *Id.* (citing *Commonwealth v. Carr*, 259 A.2d 165, 167 (Pa. 1969)). Here, evidence of threats against Jackson and Holloman,

and testimony that they feared reprisal for cooperating with police, was properly admitted to explain the witnesses' prior inconsistent statements to police wherein they declined to identify Bennett as the shooter. ***Bryant***, ***supra*** at 788. "Counsel cannot be found ineffective for failing to raise a meritless objection." ***Commonwealth v. Wright***, 961 A.2d 119, 157 (Pa. 2008). Therefore, this claim fails. ***Fears***, ***supra***.

Finally, Bennett claims that counsel was ineffective for failing to request a cautionary instruction that Jackson's and Holloman's testimony regarding fear of reprisal and/or incidents of threats and violence cannot be considered evidence of Bennett's bad character. Bennett submits that, "[h]ad [he] not been tainted in such a manner, a reasonable probability exists that the outcome of the trial would have been different since the Commonwealth's case rested almost entirely on the witness testimony of Jackson and Holloman whose credibility was vigorously attacked by the defense." Brief of Appellant, at 14. We disagree.

Here, the Commonwealth presented overwhelming evidence at trial that Bennett was guilty of first-degree murder, including: (1) the testimony of two eyewitnesses who watched Bennett shoot Young in the back of the head at point-blank range, ***see*** N.T. Jury Trial, 4/17/12 at 130; ***id.***, 4/18/12, at 114-15; (2) evidence that Young was a competing drug dealer who, immediately before he was shot, agreed to sell drugs to Bennett's customer in or around Bennett's presence, ***see id.***, 4/17/12, at 124-28; and (3) evidence that

Bennett fled Pennsylvania following the shooting, was apprehended in Delaware, and, upon being stopped, gave a false name, but after being recognized by his tattoos, stated "You got me." ***See id.***, 4/19/12, at 19-30.

Under these circumstances, including where trial counsel "vigorously attacked" the credibility of the Commonwealth's witnesses, ***see*** Brief of Appellant, at 14, trial counsel cannot be deemed ineffective. ***See Commonwealth v. Rainey***, 593 Pa. 67, 96 (Pa. 2007) (because of overwhelming evidence identifying appellant as victim's killer, appellant cannot make showing of actual prejudice).

In sum, Bennett has failed to establish the ineffective assistance of trial counsel, and, accordingly, the PCRA court properly denied him collateral relief.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/8/21