J-A05011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JON SMITH , | : | |
| | : | No. 678 EDA 2017 |
| Appellant | | |

Appeal from the PCRA Order January 17, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008131-2010

BEFORE:   DUBOW, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 23, 2018**

Appellant Jon Smith appeals from the Order dismissing his Petition filed pursuant to the Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546 ("PCRA"). He avers that trial and appellate counsel provided ineffective assistance of counsel.  After careful review, we affirm on the basis of the PCRA court's Opinion filed May 18, 2017.

On April 20, 2012, a jury found Appellant guilty of First-Degree Murder, Carrying a Firearm without a License, Carrying a Firearm on a Public Street, and Possession of an Instrument of Crime in connection with the death of George Williams on October 4, 2009, caused by multiple gunshots.  The court sentenced him to life without parole for the Murder conviction and concurrent sentences of incarceration for the other offenses.  After the denial of post-sentence motions, Appellant appealed. This Court affirmed the judgment of

_____

*   Former Justice specially assigned to the Superior Court.

sentence and the Pennsylvania Supreme Court denied allowance of appeal. *Commonwealth v. Smith*, No. 1525 EDA 2012 (Pa. Super. filed Oct. 16, 2013) (unpublished), *appeal denied*, No. 592 EAL 2012 (Pa. filed Apr. 9, 2014).

On September 8, 2014, Appellant filed a timely *pro se* PCRA petition, which he amended after retaining counsel. After filing a Notice of Intent to Dismiss pursuant to Pa.R.Crim. 907, the PCRA court dismissed the Petition without a hearing on January 17, 2017.

Appellant timely appealed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issues in his Brief:

1. Did the PCRA Court err by denying Appellant relief asserting that appellate counsel was ineffective for his failure to raise on appeal the trial court's denial of trial counsel's request for a voluntary manslaughter charge?

2. Did the PCRA Court err by denying Appellant relief on his claim asserting that trial counsel rendered ineffective assistance of counsel when he failed to object to the Commonwealth's prejudicial questions concerning alleged threats made to Rashann Jones and failed to request a related cautionary instruction?

Appellant's Brief at 7.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court

can determine from the record that there are no genuine issues of material fact. ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

Both of Appellant's issues assert ineffective assistance of counsel. The law presumes counsel has rendered effective assistance. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on Appellant. ***Id***. To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." ***Commonwealth v. Fulton***, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. ***Commonwealth v. Jones***, 811 A.2d 994, 1002 (Pa. 2002).

In his first issue, Appellant asserts that appellate counsel provided ineffective assistance for failing to assert that the trial court abused its discretion when it refused to provide a voluntary manslaughter jury instruction.

Our Crimes Code defines the offense of voluntary manslaughter as follows:

> A person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is

acting under a sudden and intense passion resulting from serious provocation by:

(1)    the individual killed.

\*\*\*\*

18 Pa.C.S.A. § 2503.

A court will provide a jury instruction for voluntary manslaughter only if a criminal defendant "establish[es] that the trial evidence would 'reasonably support' a verdict based on the desired charge[.]" **Commonwealth v. Hairston**, 84 A.3d 657, 668 (Pa. 2014). A defendant "may not claim entitlement to an instruction that has no basis in the evidence presented during trial." **Id**. Moreover, "a trial court shall only instruct on an offense where the offense has been made an issue in the case[.]" **Commonwealth v. Browdie**, 671 A.2d 668, 674 (Pa. 1996).

In his May 18, 2017 Opinion, the Honorable Jeffrey P. Minehart comprehensively addressed Appellant's claim of entitlement to a voluntary manslaughter instruction and counsel's effectiveness with a thorough review of the statutory and case law relevant to voluntary manslaughter and jury instructions, citations to the record, and a thoughtful and complete analysis. Our review indicates that the record supports the PCRA court's findings and its conclusion contains no legal error. Accordingly, we adopt the PCRA court's Opinion as our own and affirm the denial of relief. **See** PCRA Court Op., at 4-10 (concluding that no evidence supported a voluntary manslaughter instruction where the record showed that (a) the victim had done nothing to

- 4 -

cause or provoke Appellant to shoot him, (b) Appellant had returned to the scene ten to fifteen minutes after his fight with the victim, and (c) after a brief and calm exchange of words, Appellant fired twelve shots at the victim; and finding the ineffectiveness claim without merit because Appellant's defense at trial was that he did not shoot the victim).

In his second issue, Appellant avers trial counsel rendered ineffective assistance by failing to object when the prosecutor asked eyewitness Rashann Jones questions about allegedly threatening "looks" Jones had received from trial spectators in the hallway outside the courtroom. Appellant's Brief at 21-22. Appellant characterizes the prosecutor's questions as prejudicial, and avers counsel should have asked the trial court to give "a cautionary instruction advising the jury that the testimony elicited by the prosecutor from Jones could not be used as evidence of consciousness of Appellant's guilt." *Id*. at 22.

Judge Minehart aptly addressed this issue as follows:

The claim rests upon questions posed to Jones, the first cousin of whom had a child with [Appellant], after he repudiated the contents of his statement to police, which was given shortly after the incident occurred, wherein he incriminated defendant in the shooting, and also denied seeing defendant flee the scene holding a gun and attempting to calm the victim down after the fight.

… [T]he law is clear that evidence that a witness is fearful of retaliation is admissible to explain the action of the witness, such as renouncing the contents of a statement or denying having witnessed an event that the witness previously acknowledged seeing. *Commonwealth v. Floyd*, 431 A.2d 984, 989 (Pa. 1981) (Commonwealth has right to attempt to establish intimidation as explanation for actions of witness); *Commonwealth v. Bryant*,

- 5 -

462 A.2d 785, 788 (Pa. Super. 1983) (evidence that witness subjectively feared that appellant's family might threaten him or his family if he testified against appellant properly admitted 'to reconcile inconsistencies in the witness' pre-trial and at trial statements'); ***Commonwealth v. Collins,*** 702 A.2d 540, 544 (Pa. 1997) (testimony that witness was afraid of defendant properly admitted to explain why witness did not testify in conformity with prior statements and testimony where testimony was not admitted to establish defendant's guilt).

Thus, this claim was rejected because [Appellant] failed to establish that it had merit given that the Commonwealth had the right to pose the questions it did to Jones after he went 'south.'

[The claim] was also deemed lacking in merit because [Appellant] failed to establish that the questions complained of, which clearly did not implicate [Appellant] in any threats or the witness's concern about testifying, prejudiced him. [Appellant] did not and could not establish that had counsel objected to the questions or had he requested and received cautionary instructions, the outcome of the trial would have been different.

PCRA Ct. Op., at 13-14 (paragraph break added).

Our review of the record supports the PCRA court's conclusions. The court properly applied the relevant law and, thus, we discern no errors of law. Accordingly, we affirm the PCRA court's denial of relief.

The parties are directed to annex a copy of the PCRA court's May 18, 2017 Opinion to all future filings.

Order affirmed.

Judge Murray joins the memorandum.

President Judge Emeritus Stevens concurs in result.

- 6 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/18

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA FILED CRIMINAL
TRIAL DIVISION

MAY 8 2017

Office of Judicial Recorc
Appeals/Post Trial

COMMONWEALTH OF PENNSYLVANIA: COURT OF COMMON
. PLEAS OF PHILADELPHIA
. COUNTY

vs.                                            CRIMINAL TRIAL .
                                               :DIVISION

                                               :  CP-51-000813140010

JON SMITH                                      :
                                               :  CP-51-CR-0008131-2010 Comm. v. Smith, Jon
                                                                         Opinion

OPINION .

## PROCEDURAL HISTORY

Defendant, Jon Smith, was charged as of the above bill and term number with, inter alia, Murder, Generally, Carrying a Firearm without a License, . Carrying a Firearm on a Public Street, and Possession of an Instrument of Crime. All charges arise from an incident that occurred on October 4, 2010, during which defendant shot and killed one George Williams.

Defendant was tried before this Court and a jury in April of 2012, At the conclusion of the trial, the jury found defendant guilty of First-Degree Murder, Carrying a Firearm without a License, Carrying a Firearm on a Public Street, and Possession of an Instrument of Crime, On April 20, 2012, this Court sentenced

1

defendant to life without parole on the First-Degree Murder charge, three-and-onehalf to seven years on the Carrying a Firearm Without a License charge, two-andone-half to five years on the Carrying a Firearm on a Public Street charge and twoand-one-half to five years on the Possession of an Instrument of Crime charge. The sentences imposed on the weapons offenses all were ordered to be served concurrently with each other and the life sentence imposed on the first-degree murder conviction,

Following the imposition of sentencing, defendant filed a post-sentence motion. This Court denied the motion after which defendant filed a timely notice of appeal as well as a requested Pa.R.A.P. 1925(b) statement. On October 16, 2013, the Superior Court affirmed the judgment of sentence. Commonwealth v. Smith, 1525 EDA 2012 (Pa. Super. 2013). Defendant thereafter filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on April 9, 2014. Commonwealth v. smith, 592 EAL 2012 (Pa. 2014).

On September 8, 2014, defendant filed a pro se petition pursuant to the PostConviction Relief -Act. 42 Pa.C.Sø 9541 et seq. Subsequent thereto, after defendant retained private counsel, counsel filed an amended petition on defendant's behalf on August 28, 2015. This Court thereafter made a careful review of the record along with the Commonwealth's Motion to Dismiss and determined that defendant failed to raise an issue having merit and sent defendant a Pa.R.Crim.P. 907 Notice of intention to Dismiss. On January 17, 2017, this Court issued an Order dismissing defendant's PCRA petition without a hearing.

2

Defendant thereafter filed a pro se notice of appeal.

Following the filing of the appeal, retained counsel filed a motion to withdraw. The motion was granted and current counsel, James Lammendola, Esquire, was appointed to represent defendant on appeal after it was determined

that defendant did not have funds to litigate an appeal. Subsequent thereto, Mr. Lammendola filed a court-ordered 1925(b) statement.

FACTS

At approximately 1:30 a.m. on October 4, 2010, George Williams, the victim herein was with his cousins James Cheely and Calvin Williams at the Platinum Bar and Night Club located at Torresdale and Paul Streets in lower Frankford, when he became involved in a physical altercation with defendant and several other individuals outside of the establishment. After the fight was broken up, defendant left the scene while George Williams and Mr. Cheely searched the area for George Williams' missing cell-phone.

Approximately fifteen minutes thereafter while George Williams was still looking for his cell-phone, defendant returned to the scene, approached George Williams with a handgun and then fired twelve shots him, four of which struck Williams. George Williams was transported to Temple University Hospital where he was pronounced dead shortly thereafter. Mr. Cheely subsequently identified defendant from a photo

3

array as the individual that shot Mr. Williams. Rashann Jones, a bystander who was near the scene at the time of the incident, gave a statement in which he identified defendant as the person that he observed fleeing the area with a handgun immediately after the shooting.

## DISCUSSION

Instantly, defendant raised three claims predicated on the ineffectiveness of prior counsel. In reviewing the propriety of the PCRA court's dismissal of a petition without a hearing, the reviewing court is limited to determining whether the court's findings are supported by the record and whether the order in question is free of legal error. Commonwealth v, Holmes, 905 A.2d 707, 509 (Pa. Super. Ct. 2006) citing Commonwealth v. Halley, 870 A.2d 795, 799 (Pa. 2005). The PCRA court's finding; will not be disturbed unless there is no support for the findings in the certified record. Commonwealth v. Carr 768 A.2d 1164, 1166 (Pa. Super. 2001). A PCRA court may decline to hold a hearing on the petition if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence. Commonwealth v. Jordan, 772 A.2d 101 1, 1014 (Pa. Super. 2001). The reviewing court on appeal must examine each of the issues raised in the •PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief Without an evidentiary hearing. (d. See also Commonwealth v. Hardcastle 701 A.2d 541, 542 (Pa. 1997).

4

Pennsylvania law presumes counsel is effective and therefore, the burden is placed upon the defendant to prove otherwise. Commonwealth v. Brown, 767 A.2d 576, 581 (Pa. Super. 2001), citing Commonwealth v. Carpenter, 725 A.2d 154, 161 (Pa. 1999), citing Commonwealth v. Marshall, 633 A.2d 1100 (Pa. 1993); see also Commonwealth v. Baker, 614 A.2d 663, 673 (Pa. 1992). Trial counsel has broad discretion in matters of trial strategy and the determination of what tactics to employ during litigation. Commonwealth v. Choi Chun Lam 684 A.2d 153, 160 (Pa. Super. 1996). Furthermore, "[i]t is well established that failed trial tactics of defense counsel are not grounds for a new trial." Commonwealth v. Hall 565 A.2d 144, 148 (Pa. 1989). Trial counsel will not be held ineffective if there was a reasonable strategic basis for his or her trial tactics. Commonwealth v. Pursell 724 A.2d293, 311 (Pa. 1999).

In order to establish that trial counsel's representation was deficient, defendant must establish all of the following three elements, as set forth in Commonwealth v. Pierce, 527, A.2d 973, 975-76 (Pa. 1987): (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness. Commonwealth v. Chmiel, 30 A.3d 1 11 1, 1127 (Pa. 2011), citing Commonwealth v. Dennis, 950 A.2d 945, 954 (Pa. 2008).

The threshold question in reviewing an ineffectiveness claim is whether the issue, argument, or tactic which trial counsel failed to use at trial and which is the basis of the ineffectiveness claim

5

is of arguable merit. <u>Commonwealth v. Balodis</u>, 747 A.2d 341, 343 (Pa. 2000). If defendant can prove that the argument or tactic which trial counsel failed to use at trial is of arguable merit, then the "reasonable basis" test is applied to determine if the course of action chosen by trial counsel

_____

was designed to effectuate his or her client's interest. (d. With regard to the second element, defendant must prove that "an alternative [action or inaction] not chosen offered a potential for success substantially greater than the course actually pursued." <u>Chmiel</u>, <u>supra</u>, citing <u>Commonwealth v. Williams</u> 899 A.2d 1060, 1064 (Pa. 2006) (alteration added). To establish prejudice, defendant must demonstrate that there is a reasonable probability that, but for counsel's error, the outcome of the, proceeding would have been different. <u>Chmiel, supra</u>, at 1127-28, citing <u>Dennis, supra</u>, at 954.

In his first claim, defendant claims that he should have been granted relief on his claim asserting that appellate counsel was ineffective for not raising on direct appeal a claim that this Court committed an abuse of discretion by denying a request that the jury be instructed on the crime of heat of passion voluntary manslaughter. According to defendant, appellate counsel should have raised the claim on appeal because the record indicates that the victim was quite upset and excited after he had been beaten up by several individuals from 8th Street and had told defendant that the guys from 8th Street were no longer permitted on 7th Street. According to defendant, telling young

6

Philadelphia males that they are not permitted to go to a certain street located in their neighborhood is an act of provocation, one which heightens emotions. Defendant's Amended Petition, at

*13.

A jury instruction on voluntary manslaughter must be given only " the offense has been made an issue in the case and where the evidence would reasonably support such a verdict." Commonwealth v. Thomas 717 A.2d 468, 478 (Pa. 1998). [1] In Commonwealth v. Browdie, 543 Pa. 337, 671 A.2d 668 (1996), our Supreme Court overruled prior cases that had

held that a defendant was entitled to

an ,instructipp on "heat of passion" voluntary manslaughter even where there was

no evidence to support the verdict, so as to permit the jury to extend mercy to the defendant, id., 671 A.2d at 671-672, The Court stated:

> ... a trial court shall only instruct on an offense where the offense has been made an issue in the case and where the trial evidence reasonably would support such a verdict.

It is noted that in his amended petition, defendant cited authority that is no longer good law and which was overturned by the Browdie decision.

> Therefore, only where an instruction is requested and only if the evidence supports "heat of passion" voluntary manslaughter, is an instruction thereon required ..... Instructions regarding matters which are not before the court or which are not supported by the evidence serve no purpose other than to confuse the jury.

Jd., 671 A.2d at 674.

Thus, a "heat of passion," a voluntary manslaughter must be given only if the evidence could rationally support the conclusion that, "at the time of the killing, the defendant was acting under a sudden and intense passion resulting from serious provocation by: 1) the individual killed; or (2) another whom the actor endeavors to kill, but he negligently or accidentally causes the death of the individual killed." 18 Pa.C.S. 2503(a). "The test for [serious] provocation is whether a reasonable person confronted by the same series of events, would become impassioned to the extent that his mind would be incapable of cool reflection." Commonwealth v. Kim, 888 A.2d 847, 853 (Pa. Super. 2005) (citation, internal quotation marks, and original brackets omitted). In addition, a "heat of passion" voluntary manslaughter charge is not required where the accused denies having killed the victim. See Commonwealth v. Speight, 677 A.2d 317, 325 (Pa. 1996) (defendant not entitled to heat of

8

passion voluntary manslaughter instruction, where such instruction would have been inconsistent with his claim that he did not kill victim); <u>Commonwealth v. Haynes,</u> 577 A.2d 564, 574 (Pa. Super. 1990) (where defendant claims that he did not kill victim, it is proper to omit heat of passion instruction).

Instantly, the record shows that the initial fight between defendant and the victim had ended after which both men went their separate ways. Approximately ten to fifteen minutes later as the victim was looking for a lost cell phone and was tying his shoe, defendant approached and in a calm voice, defendant said to the victim, "[W]hat's this shit you are talking about the guys from 8th Street not being able to -come to 7th Street anymore?" The victim looked up and told defendant in a calm voice that what defendant heard was correct. Defendant immediately pulled a gun from his waistband and fired twelve shots at the victim, who unsuccessfully tried to duck out of the way. When defendant stopped shooting, he placed the gun back in his waistband and walked off in the direction of Paul Street as the rest of the "8th and Indiana guys", who were across the street, were laughing (N.T. 4/18/12, 22±-245).

At the time of the killing, defendant had done nothing to cause or provoke defendant to shoot him. Mere words are insufficient to supply sufficient

provocation. See Commonwealth v. Toledo, 529 A.2d 480 (Pa. Super. 1987)

(where evidence showed that defendant was arguing with decedent prior to firing a shotgun into decedent's back, evidence did not support a manslaughter charge), appeal denied, 538 A.2d 876 (Pa. 1988); Commonwealth v. Copeland, 554 A.2d 54, 58 (Pa. Super. 1989) (mere words, no matter how insulting, cannot constitute sufficient provocation).

For this reason alone, this Court did not err in finding no merit to this claim. In addition though, the claim lacked merit because defendant claimed at trial that he did not shoot the victim. As noted above, a defendant's denial that he did not shoot the victim precludes the necessity of giving a "heat of passion" voluntary manslaughter charge. For all of the foregoing reasons, it is suggested that defendant be denied relief with respect to this claim.

In his second issue, defendant argues that he should have been granted relief on the second claim set forth in his Amended Petition, which asserted that trial counsel was ineffective for not objecting to certain questions posed to James Cheely, which implied, without factual support, that defendant approached the victim and that Cheely heard and saw defendant just prior to and during the incident, See Defendant's Amended Petition 1925(b) Statement, Issue 2. He further complains that counsel should have objected when the prosecutor argued that defendant left the scene

10

and retrieved a firearm and that defendant was the only person with a motive to shopt the victim because the record did not support the prosecutor's arguments, (d.

In reviewing claims of prosecutorial misconduct, courts must focus on whether the accused was deprived of a fair trial and not whether he was deprived of a perfect trial. Commonwealth v. LaCava, 666 A.2d 221, 231 (Pa. 1995). Thus, a prosecutor's statements do not constitute reversible error unless the unavoidable of the effect of the prosecutor's action would be to prejudice the jury, forming in their minds a fixed bias and hostility towards the defendant such that they could not weigh the evidence and render a true verdict. Commonwealth v. Paddy, 800 A,2d 294, 316 (Pa. 2002). It is well settled that the prejudicial effect of a prosecutor's statements are considered in the context in which they were made.

Commonwealth v. Cox, 728 A.2d 923, 932 (Pa. 1999).

Instantly, a review of the record shows that defendant failed to meet his burden of proof. First, contrary to defendant's assertions, the record contained evidence that defendant approached the victim. Cheely testified that he did not see defendant when he first exited the bar following the fight, no one was present when he and the victim were searching for the missing cell phone, and that defendant approached the victim. (N.T. 4/18/12, 225-244). Other witnesses also testified that after the fight between the victim and defendant ended, both of them separated and Went in different directions. (N.T. 4/19/12, 151-153, 161-166).

11

Thus, counsel was correctly found not to be ineffective because the questions did have a factual basis and were not improper.

Regarding the comments trial counsel's failure to object to comments made by the prosecutor during his closing speech discussing motive, relief was properly denied with respect thereto because the comments were supported by the record. Phillip Holmes, a security guard at the bar testified that defendant, who was much larger than the victim, lost the fight the two men had prior to the shooting. (N.T. 4/19/12, 143-148, 156, 167). The law permits a prosecutor to draw reasonable inferences form the evidence, to argue any legitimate inferences from the evidence, and to present his argument with logical force and vigor. Commonwealth v.

Keaton, 729 A.2d 529, 540 (Pa. 1999). Here, given the evidence that defendant lost

the fight to the victim it was not prosecutorial misconduct for the prosecutor to argue that defendant's motive for shooting the victim was that defendant lost the fight between the two men. It was a proper inference supported by the record herein and not objectionable.

Finally, even if the prosecutor had acted improperly herein for the reasons outlined by defendant, the grant of appellate relief is not required because defendant did not establish that the prosecutor's conduct prejudiced him. The record in this matter overwhelmingly supported the guilty verdict and, moreover, this Court cautioned the jury that the

jury's recollection of the facts controlled its deliberations and that arguments of counsel were not evidence, thereby ameliorating any harm the comments may have had. (N.T. 4/17/12, 165; 4/20/12, 52). Thus, defendant failed to establish, as he was required to do to obtain relief, that the unavoidable effect of the comments and questions complained of was to

deprive him of a trial. Accordingly, it is suggested that relief be denied with respect to this claim.

In his final issue, defendant contends that he should have been granted relief on his claim that trial counsel was ineffective for not objecting and for not requesting cautionary instructions regarding questions posed to Rashann Jones that asked him if he was concerned about testifying and was afraid for his family. According to defendant, the questions were improper because there was no

evidence that Jones had been threatened by anyone, including defendant. Defendant's Amended PCRA petition, 25-30; 1925(b) Statement, Issue 3.

The claim rests upon questions posed to Jones, the first cousin of whom had a child with defendant, after he repudiated the contents of his statement to police, which was given shortly after the incident occurred, wherein he incriminated defendant in the shooting, and also denied seeing defendant flee the scene holding a gun and attempting to calm the victim down after the fight. (N.T. 4/18/12, 89-92, 112-114, 117, 121-125; 129-131, 171-172).

13

Appellate relief should not be forthcoming on this claim because the law is clear that evidence that a witness is fearful of retaliation is admissible to explain the actions of the witness, such as renouncing the contents of a statement or denying having witnessed an event that the witness previously acknowledged seeing. Commonwealth v. Floyd, 431 A.2d 984, 989 (Pa. 1981) (Commonwealth

has right to attempt to establish intimidation as explanation for actions of witness); Commonwealth v, Bryant, 462 A.2d 785, 788 (Pa. Super. 1983) (evidence that witness subjectively feared that appellant's family might threaten him or his family if he testified against appellant properly admitted "to reconcile inconsistencies in the witness' pre-trial and at-trial statements"); Commonwealth v. Collins, 702 A.2d 540-543-544 (Pa. 1997) (testimony that witness was afraid of defendant properly admitted to explain why witness did not testify in conformity with prior statements

and testimony where testimony was not admitted to establish defendant's guilt). Thus, this claim was rejected because defendant failed to establish that it had merit given that the Commonwealth had the right to pose the questions it did to Jones after he went "south." No error occurred in finding it lacking in merit.

It kwas also deemed lacking in merit because defendant, failed to establish that the questions complained of, which clearly did not implicate defendant in any threats or

14

-the witness's concern about testifying, prejudiced him. Given that the evidence of his guilt was overwhelming defendant did not and could not establish that had counsel objected to the questions or had he requested and received cautionary instructions, the outcome of the trial would have been different. Accordingly, it is suggested that defendant be denied relief with respect to this claim.

## CONCLUSION

For the foregoing reasons, the defendant's assertions of error should be dismissed for lack of merit and the order denying him PCRA relief affirmed.

By the Court,

DATE: 6/18/17

Honorable Jeffrey P. Minehart

15

16